UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. ANDREW BECKSTOFFER, et al.,<br>Plaintiffs,<br>v.<br>BAY POINT CAPITAL PARTNERS II, LP, et al.,<br>Defendants. | Case No. 26-cv-04047-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 43 |

Plaintiff W. Andrew Beckstoffer ("Beckstoffer") grows wine grapes and sells them using the BECKSTOFFER VINEYARDS trademark and other similar marks. His son, Andrew Tuck Beckstoffer ("Tuck"),[1] previously owned the TUCK BECKSTOFFER trademark, and used it to sell wine. But then, Beckstoffer alleges, Defendants—a group of limited liability entities and individuals working for those entities—took advantage of Tuck by offering him a "predatory" loan that ultimately resulted in their acquisition of the TUCK BECKSTOFFER mark. (Dkt. No. 39 ¶ 19.) Defendants then started soliciting investment for their business plans to sell wine under the TUCK BECKSTOFFER mark. In response, Beckstoffer and his business Beckstoffer Vineyards (together, "Beckstoffer") filed this action, alleging a variety of federal and state claims, and seeking damages, an injunction to stop Defendants from using the TUCK BECKSTOFFER mark, and other relief.

The individual defendants, along with defendant Bay Point Advisors, LLC, now move to dismiss portions of the first amended complaint.[2] (Dkt. No. 43.) For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the

[1] The Court follows the parties' practice of referring to Tuck Beckstoffer by his first name to avoid confusion with Plaintiff W. Andrew Beckstoffer.
[2] The other defendants—Bay Point Capital Partners II, LP and BPCP Wine Co. LLC—filed an answer instead of moving to dismiss. (Dkt. No. 44.)

parties.

***Dilution Claims.*** Beckstoffer has failed to state his trademark dilution claims (claims 6 and 8). Federal trademark dilution claims require that a mark is "famous," 15 U.S.C. § 1125(c)(1), meaning that it is a "household name" and "widely recognized by the general consuming public of the United States." *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004) (quoting *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir. 2002)); 15 U.S.C. § 1125(c)(2)(A). Beckstoffer does not argue that California trademark dilution claims have any lesser requirement. *See Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1100 (9th Cir. 2004) ("[T]rademark claims under California law are 'substantially congruent' with federal claims and thus lend themselves to the same analysis."). While Beckstoffer may have alleged facts showing that his mark is well known in the wine industry, the factual allegations are insufficient to support a plausible inference that the mark is a household name or is widely recognized by the general consuming public, so these claims are dismissed.

***Confusion-Based Claims.*** Beckstoffer has plausibly stated his confusion-based claims, (claims 4, 5, 9, and 10),[3] but only for prospective injunctive relief, not for damages. Defendants argue, and Beckstoffer does not contest, that their use of the TUCK BECKSTOFFER mark so far has not created any actionable likelihood of confusion, because they have only used the mark in an investor presentation without actually selling any wine. *See LegalForce RAPC Worldwide, PC v. LegalForce, Inc.*, 124 F.4th 1122, 1125–26 (9th Cir. 2024) (explaining that use of a trademark in connection with the sale of equity is not actionable trademark infringement because it is not use "in connection with" goods or services (citation omitted)). Thus, damages are not available for the confusion-based claims.

[3] These claims are federal trademark infringement under 15 U.S.C. § 1114 (claim 4); federal false designation of origin and unfair competition under 15 U.S.C. § 1125(a) (claim 5); California common law unfair competition (claim 9); and California common law trademark infringement (claim 10). Beckstoffer does not contest that a likelihood of confusion is required for all of these claims.

Instead, the parties dispute whether prospective injunctive relief should be available. Defendants argue that their use of the TUCK BECKSTOFFER mark on wine is not "imminent" enough to justify prospective relief. (Dkt. No. 56 at 6–7.)[4] Defendants do not specify whether they are referring to Article III's imminent injury requirement or the requirements for the issuance of injunctive relief. Either way, though, Beckstoffer has plausibly alleged sufficiently imminent use of the TUCK BECKSTOFFER mark, because the complaint alleges that Defendants have a specific business plan for using the TUCK BECKSTOFFER mark on wine, for which they are actively seeking investment.

Defendants also argue that the confusion-based claims fail because in 2018, Beckstoffer represented to the USPTO that his marks do not have a likelihood of confusion with the TUCK BECKSTOFFER mark.[5] First, Beckstoffer is not judicially estopped from arguing there is a likelihood of confusion now, because his current position is not "incompatible" with his previous representation. *See Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 600 (9th Cir. 1996). Beckstoffer initially argued to the USPTO that there was no likelihood of confusion between his marks for fresh wine grapes and the TUCK BECKSTOFFER mark for wine, but the USPTO rejected this view. (Dkt. Nos. 43-6, 43-7.) Beckstoffer subsequently provided the USPTO with a consent to register from Tuck Beckstoffer, after which the USPTO issued the requested registration of Beckstoffer's marks. (Dkt. Nos. 43-8, 43-9.) The consent agreement signed in 2018 provided that "no likelihood of confusion exists between [the marks] *as used by* Tuck Beckstoffer Wines, LLC and Beckstoffer Vineyards." (Dkt. No. 43-8 at 5 (emphasis added).) That does not contradict Beckstoffer's current position that there is a likelihood of confusion because Defendants will use the mark "in a very different manner than used in 2018." (Dkt. No. 39 ¶ 42.)

Second, and for similar reasons, the representation to the USPTO does not make the likelihood of confusion allegations implausible. Likelihood of confusion is a fact-intensive

---

[4] All citations to page numbers refer to ECF pagination.
[5] Defendants' unopposed request for judicial notice is granted. (Dkt. No. 43-1.)

inquiry, and whether Defendants' planned use of the TUCK BECKSTOFFER mark will be more confusing than Tuck's prior use is also a fact-intensive question. *See, e.g.*, *Automated Pet Care Prods., LLC v. PurLife Brands, Inc.*, 670 F. Supp. 3d 946, 950 (N.D. Cal. 2023) ("Likelihood of confusion is typically a question of fact."). Beckstoffer's earlier representations are insufficient to conclude as a matter of law that there is no likelihood of confusion between the marks now. In sum, the motion to dismiss is granted as to claims 4, 5, 9, and 10 insofar as they seek damages, and denied insofar as they seek injunctive relief.

***Publicity Rights.*** For similar reasons, Beckstoffer has plausibly stated his publicity rights claim (claim 11) for injunctive relief only. A publicity rights claim under California Civil Code 3344 requires use of a name or likeness "on or in products, merchandise, or goods, or for purposes of advertising or selling . . . products, merchandise, goods, or services." Defendants' only use of Beckstoffer's name so far has been on the investor presentation, and Beckstoffer does not argue that the investor presentation itself is a product, merchandise, good, or service. Instead, Beckstoffer seems to argue that a *common law* right of publicity claim does not have the same "products, merchandise, goods, or services" requirement. (*See* Dkt. No. 55 at 16.) But Beckstoffer only alleged a statutory claim, not a common law claim, and the two are not the same. *See, e.g.*, *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1918 (1996) (explaining that statutory publicity rights claim has heightened requirements compared to the common law claim, including "knowing use . . . for purposes of advertising or solicitation or purchases"). The statutory publicity rights claim is dismissed insofar as it seeks damages. Beckstoffer will be granted leave to amend, including leave to add a common law publicity rights claim.

However, as with the confusion-based claims, Beckstoffer has plausibly alleged a basis for prospective injunctive relief. *See* Cal. Civil Code 3344(a)(2) (explaining that injunctive relief is available for a statutory right of publicity claim). Because it is undisputed that Defendants used Beckstoffer's name to advertise equity in their wine business, it is plausible that Defendants will again use his name to advertise wine. (*See* Dkt. No. 39 ¶¶ 56, 108.) Defendants present no argument that Beckstoffer has otherwise failed to state a claim under California Civil Code 3344

for the use of his name to advertise wine. The motion to dismiss is thus denied as to the publicity rights claim insofar as it seeks injunctive relief.

***Advisors and Andros.*** Beckstoffer has plausibly stated his claims against defendants Bay Point Advisors, LLC ("Advisors") and Charles Andros, the principal and manager of Advisors. (*See* Dkt. No. 39 ¶ 12.) Although Defendants argue that Advisors and Andros are only engaged in "ordinary business activity around a brand" that is insufficient to implicate Advisors and Andros in the alleged scheme, the complaint alleges that Defendants' investor presentation says Advisors and Andros are "providing . . . IP management and ownership for the Tuck Beckstoffer name." (Dkt. No. 56 at 13; Dkt. No. 39 ¶ 62.) Defendants' use of the Tuck Beckstoffer name and the TUCK BECKSTOFFER mark is the heart of Beckstoffer's claims. Thus, the motion to dismiss is denied as to Advisors and Andros.

***Conclusion.*** The motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The trademark dilution claims, and the confusion-based claims and publicity rights claim insofar as they seek damages, are **DISMISSED**. All other claims survive dismissal. Because amendment does not seem futile, dismissal is with **LEAVE TO AMEND**. Beckstoffer may file an amended complaint by **December 17, 2026**. The amended complaint may add a common law publicity rights claim, but otherwise may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Defendants' deadline to respond to the amended complaint (if one is filed) or to answer the existing complaint (if no amended complaint is filed) shall be **January 14, 2027**.

**IT IS SO ORDERED.**

Dated: November 19, 2026

RITA F. LIN
United States District Judge